UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEARNS BANK, N.A.,

        Plaintiff,        Case No.: 8:12-cv-313-T-33TGW

v.

SHIRAZ INVESTMENTS, LLC, ET AL.,

        Defendants.
_____/

SHIRAZ ORIENTAL RUG GALLERY, INC.,
ET AL.,
        Counterclaimants,

v.

STEARNS BANK, N.A.,

        Counterclaim Defendant.
_____/

## ORDER

This matter comes before the Court pursuant to Plaintiff Stearns Bank, N.A.'s Motion to Strike First Affirmative Defense (Doc. # 17), filed on April 19, 2012. Shiraz Investments, LLC, Alaedin & Majdi Investments, Inc., Shiraz Oriental Rug Gallery, Inc., Alaedin Falasiri, and Majdi Falasiri (the "Shiraz Defendants") filed a Response in Opposition to the Motion to Strike (Doc. # 19) on May 2, 2012. For the reasons that follow, the Court denies the Motion to Strike.

I.  **Background**

Plaintiff Stearns Bank filed a Complaint for Commercial Foreclosure against the Shiraz Defendants, among other Defendants, on February 14, 2012. (Doc. # 1). The Shiraz Defendants filed their Answer, Affirmative Defenses, and Counterclaim (Doc. # 12) on March 19, 2012. In Affirmative Defense one, the Shiraz Defendants assert, "Stearns Bank, N.A., which has locations in the State of Florida, lacks the diversity of citizenship required for this Court to have jurisdiction over this action." (Doc. # 12 at 13).

Stearns Bank moves to strike this Affirmative Defense.

II. **Legal Standard**

Affirmative defenses are subject to the general pleading requirements of Rule 8. Rule 8(b)(1)(A), Fed.R.Civ.P., requires that a party "state in short plain terms its defenses to each claim asserted against it." Affirmative defenses are also evaluated against the touchstone of Rule 12(f), Fed.R.Civ.P., which states, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although the Court has broad discretion in ruling on a motion to strike, such motions are disfavored due to their "drastic nature." Royal Ins. Co. of Am. v. M/Y Anastasia, No. 95-cv-60498/RV, 1997 U.S. Dist.

LEXIS 15595, at *10 (N.D. Fla. Jan. 30, 1997). Further, as stated in Florida Software Systems v. Columbia/HCA Healthcare Corp., No. 8:97-cv-2866-T-17B, 1999 U.S. Dist. LEXIS 15294, at *4 (M.D. Fla. Sept. 16, 1999), "An affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove."

In addition, courts may strike a defense if it has "no possible relation to the controversy, may confuse the issues, or may cause prejudice to one of the parties." Ayers v. Consol. Constr. Servs. of SW Fla., Inc., 2:07-cv-123, 2007 U.S. Dist. LEXIS 86596, at *2 (M.D. Fla. Nov. 26, 2007). "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is sufficient and may survive a motion to strike." Fla. Software Sys., 1999 U.S. Dist. LEXIS 15294, at *4.

### III. Analysis

A true affirmative defense is "one that admits to the complaint, but avoids liability, wholly, or partly, by new allegations of excuse, justification or other negating matters." Bluewater Trading, LLC v. Willimar USA, Inc., No. 07-cv-61284, 2008 U.S. Dist. LEXIS 108191, at *2 (S.D. Fla. Sept. 9, 2008). Rule 8(c)(1) includes a list of affirmative

defenses, such as accord and satisfaction, estoppel, laches, res judicata, and waiver.

The Defense in question is not a true affirmative defense in that it does not admit the allegations of the Complaint but avoid liability based upon some negating factor. Rather, such Defense challenges the Court's jurisdiction. Nevertheless, this Court is not inclined to strike the Defense. As explained in Ohio National Life Assurance Corp. v. Langkau, No. 3:06-cv-290, 2006 U.S. Dist. LEXIS 60062, at *6-7 (M.D. Fla. Aug. 15, 2006):

> In attempting to controvert an allegation in the complaint, the defendant occasionally may label his negative averment as an affirmative defense rather than as a specific denial. But as long as the pleading clearly indicates the allegations in the complaint that are intended to be placed in issue, the improper designation should not prejudice the pleader. If plaintiff has been given "plain notice" of the matters to be litigated which is all the federal pleading rules require, he should be put to this proof irrespective of any error by defendant regarding terminology. The federal courts have accepted the notion of treating a specific denial that has been improperly denominated as an affirmative defense as though it was correctly labeled.

Id. (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1269 (2d ed. 1991), pp. 409-10).

The Court determines that the questioned Defense passes muster under the standards noted above. The Defense puts into

issue relevant and substantial legal and factual questions. Furthermore, the Defense relates squarely to the controversy, does not confuse the issues, and does not appear to cause prejudice to any party. The Court thus denies the Motion to Strike. In the event that the Shiraz Defendants challenge this Court's diversity jurisdiction, the Shiraz Defendants should file a motion and supporting memorandum of law seeking the dismissal of the Complaint for lack of jurisdiction.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Stearns Bank, N.A.'s Motion to Strike First Affirmative Defense (Doc. # 17) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>6th</u> day of July 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record