UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEARNS BANK, N.A.,

       Plaintiff,         Case No.: 8:12-cv-313-T-33TGW
v.

SHIRAZ INVESTMENTS, LLC, ET AL.,

       Defendants.
_____/

SHIRAZ ORIENTAL RUG GALLERY, INC.,
ET AL.,
       Counterclaimants,

v.

STEARNS BANK, N.A.,

       Counterclaim Defendant.

_____/

**<u>ORDER</u>**

This matter comes before the Court pursuant to Plaintiff Stearns Bank, N.A.'s Motion to Dismiss Counterclaim (Doc. # 18), filed on April 19, 2012. Shiraz Investments, LLC, Alaedin & Majdi Investments, Inc., Shiraz Oriental Rug Gallery, Inc., Alaedin Falasiri, and Majdi Falasiri (the "Shiraz Defendants") filed a Response in Opposition to the Motion to Dismiss Counterclaim (Doc. # 20) on May 2, 2012. For the reasons that follow, the Court grants the Motion to Dismiss.

I.  <u>**Background**</u>

Between  March  2003  and  September  2005,  the  Shiraz
Defendants  entered  into  four  separate  loan  agreements  with
First  State  Bank.  (Doc.  #  1).[1]  Plaintiff,  Stearns  Bank  N.A.,
as  successor  to  First  State  Bank  by  asset  acquisition  from  the
Federal  Deposit  Insurance  Corporation,  filed  a  Complaint  for
Commercial  Foreclosure  against  the  Shiraz  Defendants  on
February  14,  2012.  <u>Id.</u>

On  or  about  February  20,  2012,  Stearns  Bank,  N.A.,

---

[1]  (1)  Loan  number  1010890463;  principal  amount  equals
$650,000;  loan  date  March  7,  2003;  borrower  Alaedin  &  Majdi
Investments,  Inc.;  lender  First  State  Bank;  collateral
commercial  properties  located  at  or  between  2819  -  2825  S.
Macdill  Ave.  Tampa,  Fla.  33629;

(2)  Loan  number  101890464;  principal  amount  equals  $375,000;
loan  date  March  14,  2003;  borrower  Alaedin  &  Majdi
Investments,  Inc.;  lender  First  State  Bank;  collateral
interests  include:  mortgage  on  and  assignment  of  rents  for
various  commercial  properties  located  at  3109  Bay  to  Bay  Blvd.
Tampa,  Fla.  33629;

(3)  Loan  Number  1017628463;  principal  amount  equals  $732,000;
loan  date  August  30,  2005;  borrower  Shiraz  Investment,  LLC;
lender  First  State  Bank;  collateral  interests  include:  a
mortgage  on  and  assignment  of  all  rents  on  a  commercial
property  located  at  2905  West  Kennedy  Blvd,  Tampa,  Fla.  33609
as  well  as  all  commercial  fixtures  located  therein;

(4)  Loan  Number  1017624163;  principal  amount  equals
$1,040,000;  loan  date  September  23,  2005;  borrower  Shiraz
Investment,  LLC;  lender  First  State  Bank;  collateral  interests
include:  a  mortgage  on  and  assignment  of  all  rents  on  a
commercial  property  located  at  the  southwest  corner  of  U.S.  41
and  South  Lake  Shore  Drive,  Sarasota,  Fla.  34231.

mistakenly served the Complaint not upon one of the Shiraz Defendants but, instead, upon L'Bella Style Lounge, a tenant of Shiraz Oriental Rug Gallery, Inc., which leases property at 3105 W. Bay to Bay Boulevard, Tampa, Florida. (Doc. # 12 at 17, ¶ 1).  As stated by the Shiraz Defendants, "it is clear that Stearns does not have a mortgage as to Shiraz's property at 3105 W. Bay to Bay Boulevard  . . . and Stearns now readily admits this." (Doc. # 20 at 5).

The Complaint inadvertently served upon L'Bella alleges that the Shiraz Defendants defaulted on each of the four loan agreements entered into with First State Bank.  (Doc. # 1). The Complaint also indicates that Stearns Bank, N.A. seeks to (1) accelerate all amounts due under the loans; (2) attach all eligible rents associated to the collateralized properties as outlined in the loan documents; and (3) recover all related costs, interest, and fees resulting from the foreclosure proceeding.  Id.

In response to the mistakenly served Complaint, the Shiraz Defendants filed a Counterclaim on March 19, 2012, asserting: (1) Slander of Title; (2) Defamation Per Se; and (3) "Defamation, Libel, and Slander." (Doc. # 12 at 17-18, ¶¶ 1-9).  The Shiraz Defendants indicate that their tenant, L'Bella, "is now under the belief that, among other things, it

-3-

is subject to foreclosure and eviction as a result of this lawsuit." (Doc. # 12 at 17, ¶ 3). The Shiraz Defendants also assert in the Counterclaim that in unjustifiably serving the summons and Complaint on L'Bella, "Stearns Bank has subjected Counter-Claimant to hatred, distrust, ridicule, contempt, or disgrace, in its trade or profession, and/or has falsely attributed to the Counter-Claimant conduct, characteristics, or conditions incompatible with the proper exercise of a lawful business, trade profession." Id. at 18, ¶ 7.

Stearns Bank, N.A. filed the instant Motion to Dismiss the Shiraz Defendants' Counterclaim on April 19, 2012. (Doc. # 18). In the Motion, Stearns Bank, N.A. contends that the Counterclaim should be dismissed on two bases. First, the Counterclaim fails to allege facts showing a false statement by Stearns Bank, N.A. (Doc. # 18 at 1-2). And second, "even if a false statement was identified, a false statement made in the course of a judicial proceeding is privileged and not actionable." Id. at 2.

On May 2, 2012, the Shiraz Defendants filed a Response in Opposition to Stearns Bank, N.A.'s Motion to Dismiss Counterclaim. (Doc. # 20). In their Response, the Shiraz Defendants concede that the materials erroneously served on Shiraz's tenant do not explicitly contain a falsehood; but

-4-

instead "objectively gave the message that [Stearns Bank, N.A.] sought to foreclose its interest in [3105 W. Bay to Bay Blvd. Tampa, Fla. 33629]." <u>Id.</u> at 5, ¶ 12.

## II. <u>Legal Standard</u>

A motion to dismiss a counterclaim under Rule 12(b)(6) of the Federal Rules of Civil Procedure is evaluated in the same manner as a motion to dismiss a complaint. <u>Stewart Title Guar. Co. v. Title Dynamics, Inc.</u>, No. 2:04-cv-316-FtM-33SPC, 2005 WL 2548419, at *1 (M.D. Fla. Oct. 11, 2005). A counterclaim must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in the counterclaim as true and construe them in the light most favorable to the counterclaim plaintiff. <u>See</u> <u>United Techs. Corp. v. Mazer</u>, 556 F.3d 1260, 1269 (11th Cir. 2009). "While a [counterclaim] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal citations and quotations

-5-

marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Id. (internal citations omitted).

A counterclaim plaintiff must plead enough facts to state a plausible basis for the claim. Id.; James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) ("To survive dismissal, the [counterclaim's] allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's [counterclaim] should be dismissed."). Additionally, "the tenet that a court must accept as true all of the allegations contained in a [counterclaim] is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

III. **Analysis**

In the instant case, the Shiraz Defendants contend that although the Complaint did not contain a false statement, the Counterclaim should survive because "a trial court must evaluate a publication alleged to be libelous 'as the common mind would naturally understand it.'" (Doc. # 20 at 5, ¶

-6-

12)(quoting <u>McCormick v. Miami Herald Publ'g Co.</u>, 139 So. 2d 197, 200 (Fla. 2d DCA 1962)). However, the Shiraz Defendants' reliance on <u>McCormick</u> is misplaced. First, the question addressed in <u>McCormick</u> was not whether the document imputed a false belief, but instead whether "the libel as published would have a different effect on the mind of the reader from that which the pleaded truth would have produced." <u>McCormick</u>, 139 So. 2d at 200 (citations omitted). Second, unlike the facts as presented in <u>McCormick</u>, the Shiraz Defendants concede that the improperly served Complaint did not contain a libelous falsehood.

It is well settled that in order to properly plead a claim for defamation, a plaintiff must allege that (1) the defendant published a false statement; (2) about the plaintiff; (3) to a third party; and (4) the falsity of the statement caused injury to plaintiff." <u>Minsurg Int'l, Inc. v. Frontier Devices, Inc.</u>, No. 8:10-CV-1589- T-33EAJ, 2011 WL 1326863, at *6 (M.D. Fla. Apr. 6, 2011)(citing <u>Border Collie Rescue, Inc. v. Ryan</u>, 418 F. Supp. 2d 1330, 1348 (M.D. Fla. 2006); <u>Bass v. Rivera</u>, 826 So. 2d 534, 534 (Fla. 2d DCA 2002)); <u>see also Sailboat Key, Inc. v. Garner</u>, 378 So. 2d 47, 48 (Fla. 3d DCA 1979)(explaining that slander of title involves defamation of a property interest).

In the instant case, the primary component to the Shiraz Defendants' defamation Counterclaim (the false statement, which is required to establish each claim asserted) is concededly not present.   Therefore, the Shiraz Defendants' Counterclaim fails to contain a plausible basis for the relief sought and is dismissed for failure to state a claim.   Having dismissed the Counterclaim, it is not necessary for the Court to address Stearns Bank, N.A.'s litigation privilege argument.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Stearns Bank, N.A.'s Motion to Dismiss the Shiraz Defendants' Counterclaim (Doc. # 18) is **GRANTED.**   The Counterclaim, as asserted in Defendants' Answer and Affirmative Defenses (Doc. # 12), is **DISMISSED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>31st</u> day of July 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:  All Counsel of Record