UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEARNS BANK, N.A.,

    Plaintiff,        Case No.: 8:12-cv-313-T-33TGW

v.

SHIRAZ INVESTMENTS, LLC, ET AL.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff's Motion to Enforce Assignment of Rents (Doc. # 39), filed July 27, 2012. Defendants filed a Response (Doc. # 41) on August 9, 2012. Plaintiff filed a Reply (Doc. # 49), with leave of Court, on August 27, 2012. The Court grants the Motion for the reasons stated at oral argument held on September 14, 2012, and for the reasons that follow.

**I.  Background**

Between March 2003 and September 2005, several of the Defendants entered into four separate loan agreements with First State Bank. (Doc. # 1).[1] Plaintiff, Stearns Bank N.A.,

---

[1] (1) Loan number 1010890463; principal amount equals $650,000; loan date March 7, 2003; borrower Alaedin & Majdi Investments, Inc.; original lender First State Bank; collateral commercial properties located at or between 2819 - 2825 S. Macdill Ave., Tampa, Fla. 33629;

(2) Loan number 101890464; principal amount equals $375,000;

is a successor to First State Bank by asset acquisition from the Federal Deposit Insurance Corporation. On February 14, 2012, Stearns Bank filed a Complaint for Commercial Foreclosure against the Defendants containing the following counts:

1. Breach of Guaranties against Ala Falasiri;
2. Breach of Guaranties against Majdi Falasiri;
3. Breach of Guaranty against Shiraz Oriental Rug Gallery;
4. Foreclosure of $732K Mortgage;
5. Breach of the $732K Note;
6. Enforcement of the $732K Assignment of Rents;
7. Foreclosure of the $1.04MM Mortgage;
8. Foreclosure of the $1.04MM Personal Property;
9. Breach of the $1.04MM Note;
10. Enforcement of the $1.04MM Assignment of Rents;
11. Foreclosure of the $650K Mortgage;
12. Breach of the $650K Note;
13. Enforcement of the 650K Assignment of Rents;
14. Foreclosure of the $375K Mortgage;

---

loan date March 14, 2003; borrower Alaedin & Majdi Investments, Inc.; original lender First State Bank; collateral interests include: mortgage on and assignment of rents for various commercial properties located at 3109 Bay to Bay Blvd., Tampa, Fla. 33629;

(3) Loan Number 1017628463; principal amount equals $732,000; loan date August 30, 2005; borrower Shiraz Investment, LLC; original lender First State Bank; collateral interests include: a mortgage on and assignment of all rents on a commercial property located at 2905 West Kennedy Blvd., Tampa, Fla. 33609 as well as all commercial fixtures located therein;

(4) Loan Number 1017624163; principal amount equals $1,040,000; loan date September 23, 2005; borrower Shiraz Investment, LLC; original lender First State Bank; collateral interests include: a mortgage on and assignment of all rents on a commercial property located at the southwest corner of U.S. 41 and South Lake Shore Drive, Sarasota, Fla. 34231.

15.  Breach of the $375K Note; and
16.  Enforcement of the $375K Assignment of Rents.

(Doc. # 1).

Defendants filed an Answer, Affirmative Defenses, and Counterclaims (Doc. # 12) on March 19, 2012. This Court dismissed the Counterclaims, which were based on state law defamation and slander of title, on July 31, 2012. (Doc. # 40). At this juncture, Plaintiff seeks an assignment of rents from Defendants Shiraz Investments, LLC and Alaedin & Majdi Investments, Inc., only.

## II. Motion to Enforce Assignment of Rents

During the hearing, Defendants indicated that the property subject to the $732K loan generates approximately $14,000 in rents monthly, and that the subject lease is set to expire in October 2012. Defendants further indicated that the property subject to the $650K loan generates approximately $8,500 in rents monthly, and that the subject lease is set to expire in December 2012. In addition, the property subject to the $375K loan generates approximately $3,800 in rents monthly and the subject lease is set to expire in approximately three years. The property subject to the $1.04MM loan is not a finished property and is not rented.

Plaintiff asserts that assignment of rents is appropriate

-3-

pursuant to Florida Statute Section 697.07(4) as well as the various Assignment of Rents documents attached to the Motion to Enforce Assignment of Rents.[2]

Florida Statute Section 697.07(4) states:

> Upon application by the mortgagee or mortgagor, in a foreclosure action, and notwithstanding any asserted defenses or counterclaims of the mortgagor, a court of competent jurisdiction, pending final adjudication of any action, may require the mortgagor to deposit the collected rents into the registry of the court, or in such depository as the court may designate. However, the court may authorize the use of the collected rents, before deposit into the registry of the court or other depository, to:
> (a) Pay the reasonable expenses solely to protect, preserve, and operate the real property, including, without limitation, real estate taxes and insurance;
> (b) Escrow sums required by the mortgager or separate assignment-of-rents instrument; and
> (c) Make payments to the mortagee.

## III. **Analysis**

Defendants array a plethora of arguments in opposition to the Motion to Enforce Assignment of Rents, including (1) that

---

[2] The Assignment of Rents documents before the Court are voluminous and consist of the following: Assignment of Rents between Shiraz Investment, LLC and First State Bank dated August 30, 2005 (Doc. # 39-1); Assignment of Rents, Leases, and Contracts between Shiraz Investments LLC and First State Bank dated September 23, 2005 (Doc. # 39-2); Assignment of Rents between Alaedin & Majdi Investments, Inc. and First State Bank dated March 7, 2003 (Doc. # 39-3); and Assignment of Rents between Alaedin & Majdi Investments, Inc. and First State Bank dated March 14, 2003 (Doc. # 39-4).

Plaintiff Bank does not own and does not have standing to enforce the notes; (2) that because Defendants are current on three of the four loans (the $732K loan, the $650K loan, and the $375K loan) and because there are no rents coming from the $1.04MM loan, the Bank is entitled to no rents; (3) that Plaintiff breached the loan agreements first and is "in default" so that Plaintiff is entitled to no relief under the agreements; (4) that Plaintiff waived its right to collect rents; and (5) that enforcing the assignment of rents would lead to Defendants' financial ruin.  During the hearing, the Court heard argument from the parties on these arguments and others.  After reviewing the entire file and upon consideration of the parties' arguments, the Court determines that the Motion should be granted.

Specifically, as to Defendants' standing argument, the Court finds that Plaintiff acquired all of its rights from an FDIC assignment.  Plaintiff accordingly has all of the rights and privileges as note owner. As correctly argued by Plaintiff, "there is no indication that the FDIC did not intend to assign the rights under the assignment of rents to Stearns Bank, to the contrary, the FDIC intended to assign all of its interests in all of the loan documents to Stearns Bank. As the owner and holder of the notes, Stearns Bank also owns

the security instruments securing the notes." (Doc. # 49 at 3). In particular, the assignment of the mortgages securing the notes effectively transferred to Stearns Bank "for value received" not only the mortgages, but also "all notes, evidences of indebtedness, collateral, liens, security interests (real, personal and mixed property), loan documents and any other instrument that the FDIC has an interest in with respect to the Mortgage and loan . . . together with all rights to payments and proceeds therefrom." (Doc. # 1-7 at 2; Doc. # 1-14 at 2; Doc. # 1-21 at 2; and Doc. # 1-27 at 2). See Johns v. Gillian, 184 So. 140, 143 (1938)("The transfer of the note or obligation evidencing the debt . . . operates as an assignment of the mortgage securing the debt, and it is not necessary that the mortgage papers be transferred, nor, in order that the beneficial interest shall pass, that a written assignment be made.")(internal citation omitted); see also Taylor v. Bayview Loan Servicing, LLC, 74 So. 3d 1115, 1118 (Fla. 2d DCA 2011)("a mortgage- as a mere incident to the debt it secures- follows the note unless the parties have clearly expressed a contrary intent.").

Defendants' second argument is also unavailing. The Court finds that the cross default provision contained in the loan documents (Doc. # 1-1 at 4; Doc. # 1-4 at 4) signifies

-6-

that a default on one obligation is a default on all obligations. Although Defendants contest that there has been a default, the Court disagrees and finds that there has been a default as to the $1.04MM loan. This default triggers the Plaintiff Bank's right to assignment of rents as to all properties at issue. All of the properties are connected via the loan documents. It does not matter that the property secured by the $1.04MM note is not being rented. A default on that property opens the door to an assignment of rents as to the other properties, which are being rented.

The Court also rejects the Defendants' third argument-- that the Plaintiff Bank "breached" first or is otherwise in default and was the first to repudiate the agreement. Florida Statute Section 687.0340(2)-(3)(a), commonly known as the bank statute of frauds, eviscerates Defendants' arguments. Under that statute and controlling case law, if a purported loan modification agreement (1) was not signed by the Bank or borrower and (2) lacks separate consideration, the Bank is not bound by the purported modification. See Diaz-Verson v. Bank of Am., 159 F. App'x 71, 73 (11th Cir. 2005)(loan modification must be in writing and supported by separate consideration pursuant to Florida banking statute of frauds); St. Joe Corp. v. McIver, 875 So. 2d 375, 382 (Fla. 2004). Defendants have

-7-

demonstrated neither that there was a signed writing nor the existence of separate consideration supporting the purported loan modification.  Since the Plaintiff Bank was not bound by any purported modification, the Plaintiff Bank cannot be held in breach of such modification, and such alleged breach is not a bar to granting the Motion to Enforce Assignment of Rents.

In addition, Defendants' fourth argument of waiver is unavailing.  "Waiver is the intentional relinquishment of a known right." Costello v. Curtis Bldg. P'ship, 864 So. 2d 1241, 1244 (Fla. 5th DCA 2004).  Plaintiff has not waived any of its rights in this action by accepting post default and acceleration payments from Defendants.  Before the Court is a letter from Stearns Bank to Alaedin & Majdi Investment, Inc. dated March 19, 2012, stating that the Plaintiff Bank will accept and apply post-acceleration payments from Defendants to the loan balance but that "application of such payments does not waive, release, or excuse the existing default. Application of this payment does not either constitute a waiver of the existing defaults or prevent or otherwise limit in any way Stearns Bank's rights, remedies, or recourse for the existing defaults, and Stearns Bank requires strict performance of any and all terms, conditions, or provisions of the loan documents." (Doc. # 49-1 at 2).  Thus, there has been

-8-

no waiver.

Finally, while recognizing that enforcing the assignment of rents provision will work a financial hardship on Defendants, the Court determines that this is what the parties bargained for. This Court has a duty to enforce agreed contract terms when such terms are unambiguous, as is the case here. The Court is not inclined to rewrite agreements simply because the circumstances and the market have changed, making a once profitable situation a bad investment for one of the parties. See <u>Executive Square Ltd. v. Delray Executive Square, Ltd.</u>, 546 So. 2d 434 (Fla. 4th DCA 1989)(assignment of rents became absolute upon mortgagor's default and operative upon mortgagee's written demand).

## IV. <u>Conclusion</u>

The Court grants the Plaintiff Bank's request for an Order directing Shiraz and Alaedin & Majdi Investments, Inc. to pay from the rents solely the reasonable expenses necessary to protect, preserve, and operate the properties, such as insurance premiums, utility invoices, real property taxes, repairs, and maintenance to the properties, and to remit the balance of the rents pending final adjudication of this matter to the Registry of the Court. The Court further directs Shiraz and Alaedin & Majdi Investments, Inc. to deliver

monthly operating statements to Plaintiff itemizing all rents received in connection with the properties and all disbursements of rents or other monies in payment of expenses or other items for the properties. The Court expects that the parties will be able to internally resolve any disputes that they have concerning whether an expense is necessary to preserve and protect the properties.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Motion to Enforce Assignment of Rents (Doc. # 39) is **GRANTED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>14th</u> day of September, 2012.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel of Record