UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**STEARNS BANK NATIONAL ASSOCIATION**, as successor to First State Bank by asset acquisition from the Federal Deposit Insurance Corporation as receiver for First State Bank,

    Plaintiff,

v.   Case No. 8:12-cv-313-T-33TGW

**SHIRAZ INVESTMENTS, L.L.C.**, a Florida limited liability company, *et al.,*

    Defendants.

_____/

## AGREED FINAL JUDGMENT OF FORECLOSURE AND ORDER OF SALE

**THIS CAUSE** came before the Court upon Plaintiff, Stearns Bank National Association's, and Defendants, Majdi Falasiri, Alaedin Falasiri, Shiraz Oriental Rug Gallery, Inc. and Shiraz Investments, LLC's ("**Shiraz**"), Consent Motion to Lift Stay as to Defendant Shiraz and for Entry or Agreed Final Judgment of Foreclosure on Count VII of Complaint (Dkt. # 97) (the "**Motion**"). The Court having reviewed the Motion and the relevant portion of Shiraz' Chapter 11 Plan of Reorganization now lifts the stay in place as to Defendant Shiraz for the sole purpose of entering the present final judgment of foreclosure on Count VII of Plaintiff's Complaint (Dkt. # 1) as follows:

    1.    Plaintiff, Stearns Bank National Association, as successor to First State Bank by asset acquisition from the Federal Deposit Insurance Corporation as Receiver for First State Bank, with an address of 22 S. Links Avenue, Suite 100, Sarasota, FL 34236, is entitled to a Final Judgment of Foreclosure against Shiraz Investments, L.L.C. and Technical Treatment Services, Inc.

2. Plaintiff is owed the total sum of $1,000,000.00 (the "**Total Sum**").

3. The Total Sum referenced in Paragraph 2 shall bear interest from this date forward at the prevailing legal rate of interest.

4. Plaintiff holds a first priority mortgage lien and security interest for the Total Sum set forth in Paragraph 2 above against real property located in Sarasota County, Florida and legally described as (the "**Property**"):

Southwest corner of U.S. 41 and South Lake Shore Drive, more particularly described as follows:

Commencing at the point formed by the intersection of the Southerly line of Lake Shore Drive with the Westerly line of Tamiami Trail, marked by a concrete monument which is 758.6 feet South of the North line of the Southeast 1/4 of Section 6, Township 37 South, Range 18 East, thence North 89 degrees, 57 minutes West (Deed South 89 degrees 43 minutes West) along the Southerly line of Lake Shore Drive, a distance of 200 feet to a concrete marker; thence South and parallel with Tamiami Trail 125 feet to a concrete marker; thence South 89 degrees 57 minutes East (Deed North 89 degrees 43 minutes East) and parallel with Lake Shore Drive, a distance of 200 feet to a concrete marker on the Westerly line of Tamiami Trail; thence along said line North 125 feet to the point of beginning, lying within 53 feet of center line of construction of SR 45, Section 17020.

LESS AND EXCEPT:

The East 39.50 feet thereof and a triangular parcel of land more particularly described as follows:

Begin at the Northwest corner of the East 39.50 feet of the above described property, run thence South 0 degrees 05 minutes 50 seconds West 10.00 feet; thence North 44 degrees 53 minutes 07 seconds West 14.14 feet; thence South 89 degrees 53 minutes 30 seconds East to the point of beginning.

5. Plaintiff's lien in and upon the Property is superior in dignity to any right, title, interest, claim, lease, encumbrance or equity of Defendants, and all persons, corporations or other entities claiming by, through or under Defendants and the Property will be sold free and clear of any claims whatsoever of Defendants.

6. Under Rule 53(a)(1)(C), Federal Rules of Civil Procedure, Matthew J. Meyer of Ansa Assuncao, LLP, 101 South Ashley Drive, Tampa, Florida 33602, 813-221-5403, is appointed to serve as Special Master to advertise and conduct the foreclosure sale.

7. Pursuant to 28 U.S.C. § 2001, the Special Master is authorized and directed to sell the Property at public sale. Plaintiff shall coordinate the sale with the Special Master who shall

sell the Property at a public sale at the Sarasota Courthouse front steps, 2002 Ringling Boulevard, Sarasota, Sarasota County, Florida to the highest bidder for cash, following notice of the public sale of the Property to be published once a week for at least four weeks in a newspaper regularly issued and of general circulation in Sarasota County, Florida, as required by 28 U.S.C. § 2002.

8. Plaintiff shall advance the cost of publishing the Notice of Sale and the Special Master's fee for conducting the sale of the Property and shall be reimbursed for them by the Special Master if Plaintiff is not the purchaser of the Property for sale.

9. Any third party successful bidder shall be required at the time of the sale to deposit with the Special Master five percent (5%) of the successful bid amount by certified check made payable to the Special Master or by cash deposit. Before being permitted to bid at the sale, all third party bidders shall present proof to the Special Master that they are able to comply with this requirement and otherwise shall not be allowed to bid.

10. The balance of the purchase price of the Property shall be tendered by the successful bidder in the form of a certified check payable to the Special Master within one (1) day following the sale. If the successful bidder fails to fulfill this requirement, the deposit shall be forfeited and applied to the expenses of the sale with the balance to Plaintiff and the Property shall be re-offered for sale in accordance with the above provisions.

11. If Plaintiff is the purchaser of the Property, the Special Master shall credit Plaintiff's bid with the Total Sum described in Paragraph 2 with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

12. If a third party bidder is the purchaser, the third party bidder must pay the documentary stamp tax attached to the Certificate of Title in addition to the bid.

13. Upon full compliance with the terms of the sale, the Special Master shall file a report of the sale with the Clerk of the Court, which is subject to confirmation by the Court.

14. Upon confirmation of the sale by the Court, the Special Master shall convey to the purchaser a Certificate of Title, which shall be recorded in the Public Records of Sarasota County, Florida.

15. Upon recording of the Certificate of Title, the sale proceeds shall distributed, so far as they are sufficient, by paying: first, all of Plaintiff's costs; second, documentary stamps affixed to the Certificate of Title, unless the Property is purchased by a third party bidder; third, the total sum due to Plaintiff as is set forth in this Judgment, less the items paid, plus interest at the rate prescribed by law from the date of this Judgment to the date of the sale; and by retaining any remaining amount pending the further Order of this Court.

16. Upon recording of the Certificate of Title, Defendant and all persons claiming by, through, under or against it since the filing of the Notice of Lis Pendens shall be forever barred and foreclosed of all estate or claim in the Property and the purchaser at the sale shall be let into possession of the Property.

17. The sale of the Property is made pursuant to 28 U.S.C. § 2001, *et seq.*, without the right of redemption.

18. The Court retains jurisdiction of this action to enter further orders that are proper, including, without limitation, orders authorizing writs of possession and orders of distribution.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 27th day of August, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

**Copies furnished to**:
Counsel and Parties of Record